UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CAROLYN & WILLIAM LANGEVIN
            CIVIL ACTION
VERSUS
            NUMBER 06-869-SCR
WAL-MART STORES, INC.

### RULING ON MOTION FOR SUMMARY JUDGMENT

Before the court is a Motion for Summary Judgment filed by defendant Wal-Mart Stores, Inc.  Record document number 10.  The motion is not opposed.

Plaintiffs Carolyn and William Langevin filed suit in state court alleging injuries and damages sustained by Carolyn Langevin as a result of a slip and fall that occurred on September 18, 2005 at the Wal-Mart in Denham Springs, Louisiana.[1]  Plaintiff alleged that she was walking down the store aisle when she slipped and fell in a granular substance or crystals spread over a wide area on the floor.  The fall resulted in severe injuries, including lacerations and a broken kneecap that required immediate surgery.

Defendant removed the case based on diversity jurisdiction and now moves for summary judgment.  Defendant argued that summary judgment is warranted because there is no evidence that its employees either created or had actual or constructive notice of the condition of the floor prior to the plaintiff's fall.  In

---

[1] Hereafter, Carolyn Langevin is referred to as the plaintiff. Plaintiff's husband asserted a claim for loss of consortium.

support of the motion the defendant relied on a statement of uncontested facts, and excerpts from the plaintiffs' depositions.[2]

## Summary Judgment Standard and Applicable Law

Summary judgment is only proper when the moving party, in a properly supported motion, demonstrates that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law.  Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986).  If the moving party carries its burden under Rule 56(c), the opposing party must direct the court's attention to specific evidence in the record which demonstrates that it can satisfy a reasonable jury that it is entitled to a verdict in its favor.  *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.  This burden is not satisfied by some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions or only a scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  In resolving the motion the court must review all the evidence and the record taken as a whole in the light most favorable to the party opposing the motion, and draw all reasonable inferences in that party's favor.  *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513.  The court may not make credibility findings, weigh

---

[2] Defendant exhibit B, plaintiff deposition; exhibit C, William Langevin deposition (hereafter, Langevin deposition).

the evidence or resolve factual disputes. *Id.*; *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059, 112 S. Ct. 936 (1992).

The substantive law dictates which facts are material. *Littlefield v. Forney Independent School Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). The Louisiana statute applicable to the plaintiff's claim is LSA-R.S. 9:2800.6, which sets forth a merchant's duty to persons who use its premises and the plaintiff's burden of proof in claims against merchants. The statute provides in pertinent part as follows:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
>
> C. Definitions:
>
> (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee

of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

It is the plaintiff's burden to prove each element of a cause of action under the statute. *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La. 1997).

The Louisiana Supreme Court recognized in *White*, that the constructive notice requirement found in the merchant liability statute involves a temporal element:

> Though there is no bright line time period, a claimant must show that "the condition existed for such a period of time ..." Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period of time. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall.

*White*, 699 So.2d at 1084-85.

Because constructive notice is defined to include a mandatory temporal element, a plaintiff relying on constructive notice under La. R.S. 9:2800.6(B)(2) must come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the defendant on notice of its existence. *Id.*, 699 So.2d at 1082.

Plaintiff in a slip and fall case may use circumstantial

4

evidence to establish the temporal element. *Henry v. Wal-Mart Stores, Inc.*, 99-1630 (La.App. 3 Cir. 3/1/00), 758 So.2d 327, *writ denied*, 00-929 (La.5/26/00), 762 So.2d 1107.[3]

## Analysis

Both plaintiffs testified that they did not see anything on the floor before the plaintiff slipped and fell.  They did not notice the crystals on the floor until after the plaintiff fell.[4]  Plaintiffs had no information to suggest that a Wal-mart employee created the condition that caused the plaintiff to fall, or that a Wal-Mart employee was in the area where the incident occurred or was aware of the substance on the floor before the plaintiff fell.[5]  Furthermore, the deposition testimony submitted does not contain any evidence to support a reasonable inference that the condition existed for some time period prior to the fall.  Both plaintiffs testified that they did not see any track or buggy marks through the area, or notice any open containers that could have been the source of the crystals.[6]

---

[3] *Blackman v. Brookshire Grocery Co.*, ____ So.2d ____, 2007 WL 2850978, *3 (La.App. 3 Cir. Oct. 3, 2007).

[4] Plaintiff depo., pp. 56-58, 60; Langevin depo., pp. 22-23, 26, 30.  Plaintiffs described the substance as some kind of cat litter that contained blue crystals.

[5] Plaintiff depo., pp. 60, 63; Langevin depo., p. 31.

[6] Plaintiff depo., pp. 60, 69; Langevin depo., pp. 30-31.

Under LSA-R.S. 9:2800.6, an essential element of the plaintiff's claim is proof that prior to the fall, the defendant either created or had actual or constructive notice of the condition which allegedly caused the plaintiff's injury. There is absolutely no evidence that the defendant created or actually knew about the crystals on the floor. Nor is there any evidence that the crystals were there for a time period prior to the fall sufficient to support the conclusion that the defendant had constructive notice. Therefore, there is no evidence from which a reasonable trier of fact could infer that the defendant was negligent under LSA-R.S. 9:2800.6.

Accordingly, the Motion for Summary Judgment filed by defendant Wal-Mart Stores, Inc. is granted.

Baton Rouge, Louisiana, October 31, 2007.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE